PADEN, APPELLANT, *v.* PEARCE, EXR., ET AL., APPELLEES.
(Two Cases.)

(Decided July 7, 1938.)

Mr. *Roy Warren Roof*, for appellant.
Messrs. *Stillings & Hanna*, Mr. *C. M. Cessna*, Mr. *Arthur D. Tudor* and Mr. *Alfred F. Bindley, Jr.*, for appellees.

By THE COURT. These are appeals on questions of law from the judgments of the Common Pleas Court of Hardin county dismissing appeals from a judgment and decree of the Probate Court of said county, in a proceeding to sell the real estate of a decedent to pay debts, in which proceeding one of the appellees herein, Frank M. Pearce, as executor of the last will and testament of Hugh E. Pearce, deceased, was plaintiff, and the appellant, Mary G. Paden, and others were defendants.

The causes numbers 291 and 292 were consolidated and heard together under a former order of the court herein. Cause number 291 involves a judgment of the Common Pleas Court dismissing an appeal on questions of law and fact from cause number 9355 in the

Probate Court of Hardin county to the Common Pleas Court of that county. Cause number 292 involves a judgment of the Common Pleas Court dismissing an appeal on questions of law from cause number 9355 in the Probate Court of Hardin county to the Common Pleas Court of that county. Each appeal from the Probate Court was docketed under said numbers and constituted separate causes in the Common Pleas Court but involved closely related questions.

Under the provisions of Section 12223-3, General Code, reading, "except that appeals from judgments of Probate Courts and of justices of the peace upon questions of law and fact shall be taken in the manner now provided for in General Code Sections 10501-56 to 10501-61, inclusive, and Sections 10382 to 10398, inclusive, respectively," appeals from judgments of the Probate Court upon questions of law and fact are excepted from the operation of "an act to establish a simplified method of appellate review," 116 Ohio Laws, 104, and are governed exclusively by the provisions of Sections 10501-56 to 10501-61, inclusive, General Code.

The action in the Probate Court was a proceeding for the sale of real estate to pay debts. Under the provisions of Section 10501-56, General Code, it is one in which an appeal may be taken to the Common Pleas Court to be tried, heard and decided in that court in the same manner as though that court had original jurisdiction thereof.

Under the provisions of Section 10501-60, General Code, it is the duty of the probate judge, when bond for such appeal is given in accordance with the statute, to make an authenticated transcript of the docket and journal entries in the case, and of the order, decision or decree appealed from. The appeal is perfected by the appellant filing such authenticated transcript with the clerk of the Common Pleas Court on or before the

second day of its next term after such bond or notice is given.

The authenticated transcript of the proceedings in the Probate Court shows that the final decree was entered on December 11, 1936, and that such transcript was filed in the Common Pleas Court in cause number 22333, on February 9, 1937. The second day ·of the January, 1937, term ·of the Common Pleas Court of Hardin county, was January 5, 1937.

The transcript, not having been filed on or before the second day of the January, 1937, term of the Common Pleas Court, the appeal on questions of law and fact was not perfected and was wholly ineffective to confer jurisdiction of the same on the Common Pleas Court. The Common Pleas Court, for the reasons mentioned, did not err in its judgment dismissing the same.

As the appeal on questions of law and fact from the Probate Court is expressly excepted under the provisions of Section 12223-3, General Code, above mentioned, from the operation of Sections 12223-4, 12223-22 and 11564, General Code, as amended, as well as all other sections of the General Code comprising sections of the act to establish a simplified method of appellate review, the Common Pleas Court was without jurisdiction to fix the time for the preparation and settlement of a bill of exceptions and permit the filing thereof on such appeal, and the court did not err in overruling the motion of the appellant upon such appeal to fix a time for the preparation, settlement and filing of a bill of exceptions.

We will next consider whether the court erred in dismissing the appeal on questions of law.

The final decree ·of the Probate Court was, as above mentioned, entered on December 11, 1936, and the transcript shows that notice ·of appeal and appeal bond were filed December 30, 1936, within the time limited by law. .

The transcript of the Common Pleas Court shows petition in error filed February 9, 1937, but as there was at the time no provision of law permitting the filing of a petition in error the filing of the same was without legal effect and the validity of the appeal on questions of law rests wholly on the notice of appeal mentioned.

While the notice of appeal does not appear in the files and the transcript does not show whether the notice provided for an appeal on questions of law or upon questions of law and fact, we will assume for the purpose of this decision that the notice of appeal either provided for an appeal on questions of law or was amendable so as to provide for an appeal on questions of law.

No bill of exceptions of the proceedings had in the Probate Court was taken or filed.

Neither the bill of exceptions in the Common Pleas Court nor the files in the case show assignments of error to the proceedings of the Probate Court.

The appellant in her brief in this court claims error in the proceedings in the Probate Court of a nature that could only be demonstrable through a bill of exceptions of the proceedings in the Probate Court. From this fact and from the application of the presumption that the court acted rightly in entering the judgment it entered, applicable to judgments where the record shows nothing to the contrary, we assume that the errors assigned to the proceedings in the Probate Court were of such nature that they were demonstrable only through a bill of exceptions.

Appellant's motion in the Common Pleas Court for diminution of the record, which contemplated the preparation, settlement and filing of a bill of exceptions, was properly overruled as there was no bill of exceptions upon which such order could operate.

While the failure of the appellant to file a bill of exceptions of the proceedings in the Probate Court

did not authorize the Common Pleas Court to dismiss the appeal on questions of law, the consideration of such appeal by the Common Pleas Court was limited to errors assigned and argued in her briefs by appellant, appearing on the record and demonstrable from the record without resort to a bill of exceptions. As no errors appeared on the record of the character mentioned, it was the duty of the Common Pleas Court to affirm the judgment of the Probate Court. While the judgment of dismissal was in form wrong, it operated as an affirmance of the judgment of the Probate Court which was proper upon the record and was therefore not prejudicial to appellant.

For the reasons mentioned the judgments of the Common Pleas Court will be affirmed at costs of appellant.

*Judgments affirmed.*

GUERNSEY, P. J., CROW and KLINGER, JJ., concur.